# UNITED STATES DISTRICT COURT

# FOR THE COLUMBIA DISTRICT OF SOUTH CAROLINA COLUMBIA

# DIVISION

| | |
|---|---|
| CRYSTAL A. ANDERSON, | CIVIL ACTION NO. |
| PLAINTIFF | |
| V. | |
| TATE AND KIRLIN ASSOCIATES, INC. | |
| DEFENDANT, | |

RECEIVED
USDC CLERK, COLUMBIA, SC
2020 NOV -5 PM 2: 46

## COMPLAINT

Plaintiff, Crystal Anderson, sues Defendant, Tate and Kirlin Associates, INC. complaining as to the conduct of Defendant as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices act ("FDCPA") under 15 U.S.C §1692 and 47 U.S.C §227 *et seq.*, against Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C §1391 as Plaintiff resides in the District of South Carolina and a substantial portion of the events or omissions giving rise to the claims occurred within the District of South Carolina.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Richland County, South Carolina, which is within the District of South Carolina.

5. Defendant is an incorporated company organized under the laws of the State of Pennsylvania with its registered agent as Corporation Service Company, located at 2595 Interstate Drive, Suite 103 Harrisburg, PA 17110. Defendant engages in collection activities in several states, including the state of South Carolina.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant actions stems from Defendant's attempts to collect upon an outstanding credit card debt in the amount of $150 ("subject consumer debt") purportedly originally owed by Plaintiff to Orkin LLC (Orkin).

8. Defendant purchased the subject consumer debt from Orkin after Plaintiff allegedly defaulted on payments.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2801. Plaintiff is and always has been financially responsible for the cellular phone and its services

10. Defendant has been telephonically contacting Plaintiff since August 2020 via the telephone number ending in 2801 to collect upon the subject consumer debt.

11. Defendant uses several different phone numbers when calling Plaintiff's cellular phone, including, but not limited to (844)-217-2575 and (704)-336-0440.

12. During the aforementioned 20 conversations, Defendant constantly suggests that it is calling on behalf of Orkin.

13. On answered calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before a live representative begins to speak. Multiple phone calls from Defendant, have long, noticeable pauses and end before a representative answers the phone/

14. Plaintiff was confused as to why she was getting contacted by Defendant, as she never provided consent to be contacted by Defendant, let alone consent to receive calls from Defendant through an automated system on a frequent basis.

15. During these calls the Defendant failed to inform Plaintiff of the time-barred status of the subject consumer debt and the repercussions to Plaintiff if she submitted a payment to Defendant.

16. On multiple calls Defendant also states the reason for the call is "a business call" and not an "attempt to collect a debt from a debt collector".

17. On conversations with the Defendant, Plaintiff asks for reason for the call and Defendant responds with "your file is in our office" as a deceptive tool to elicit payment from Plaintiff.

18. Defendant has contacted Plaintiff multiple times daily to collect on subject consumer debt with intent to annoy, abuse and harass the Plaintiff into submitting a payment to Defendant.

19. Plaintiff has been unfairly and unnecessarily misled by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to; invasion of privacy, embarrassment, harassment, aggravation that accompanies excessive collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I- VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. Violations to the FDCPA, §1692c

26. The FDCPA, pursuant to 15 U.S.C. §1692c, enumerates specific violations, such as;

    i. "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court or competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt" 15 U.S.C. §1692c

27. Defendant violated §1692c when it repeatedly contacted Plaintiff on a frequent basis "without prior consent given directly to the debt collector or express permission of a court or competent jurisdiction." The frequency and volume of the calls shows that the Defendant willfully violated the laws.

    b. Violations of the FDCPA §1692d, enumerates specific violations such as,

    i. "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt". 15 U.S.C §1692d

      ii. "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass and person at the called number" §1692d(5)

28. Defendant violated §1692d, repeatedly, by calling Plaintiff regularly and systematically. This behavior of calling Plaintiffs phone on a frequent basis without consent was willfully abusive, negligent and intentionally malicious.

29. Defendant's actions were tactfully deployed with the intent to annoy and harass the Plaintiff into a payment. The frequency and nature of the calls using deceptive means ultimately caused Plaintiff, stress and frustration.

30. Plaintiff received phone calls from Defendant, on multiple occasions, which consisted of a long pause lasting several seconds. Plaintiff would speak and try to get in contact with someone on the phone, only to be hung up on unexpectedly. These calls placed by Defendant were repeatedly, intentional to annoy and abuse Plaintiff.

    c. Violations of the FDCPA, §1692e

31. The FDCPA, pursuant to 15 U.S.C §1692e, enumerates specific violations such as:

      i. "A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt..." 15 U.S.C §1692e

      ii. "The false representation of... the character, amount or legal status of any debt..." 15 U.S.C §1692e(2)(A)

      iii. "The use of any false representation or deceptive means to collect a debt or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C §1692e(10)

32. Defendant violated §1692e by using false and misleading representation of the nature of the calls. On multiple occasions the Defendants placed phone calls to Plaintiff and when asked why they were calling the Plaintiff, Defendant responded that the reason for the call was "a business call", "because your file is in the office" or completely avoided the question at hand. The use of these

phrases is misleading and deceptive to coerce Plaintiff into conversation and also extract a payment. Defendant purposely and deceptively chose not to relinquish the true nature of the call was an attempt to collect a debt.

33. Defendant also deployed deceptive or misleading representation when a representative made the false claim to "clear my credit". Defendant is not reporting on Plaintiff's credit file and therefore cannot "clear credit". Defendant also stated they were calling on "behalf of Orkin", deceptively deploying misleading tactics to confuse Plaintiff.

34. Defendant also violated 1692e when stating that they were calling on "behalf" of Orkin. Defendant purchased the alleged bad debt from Orkin and therefore cannot call "on behalf" of Orkin.

      d. Violations to §1692f

35. The FDCPA, pursuant to 15 U.S.C §1692f

      i. "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt"

36. Defendant willfully violated §1692f when it attempted to collect a debt using unconscionable means by contacting Plaintiff on a regular systematic basis multiple times a day. These phone calls were unreasonably excessive, unfair and negligent.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff repeats and realleges paragraphs 1 through 20 as fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"), as well as using prerecorded messages, without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause lasting several seconds in length that Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts, including repeated calls after pointing out that the Defendant was harassing Plaintiff, points to the involvement of an ATDS.

40. Defendant violated the TCPA by placing at least 21 phone calls, from August 2020 to early October 2020, to Plaintiff's cellular phone using an ATDS without her consent. At the time Plaintiff received alleged subject debt, she never expressly provided any entity with the authority or ability to contact her cellular phone using an ATDS or using prerecorded messages in connection with any billing issues related to the subject debt. Any hypothetical express consent Plaintiff may have given to the originator of the subject debt, which Defendant will likely assert transferred down, was explicitly revoked due to 15 U.S.C §1692c, where a Debt Collector (Defendant) must have "prior consent of the consumer given directly to the debt collector or the express permission of a court or competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt".

41. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

43. **WHEREFORE**, Plaintiff CRYSTAL A. ANDERSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k (a) (2) (A) per violation for a total of $7,000;

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k (a) (1);

   d. Awarding Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C) for a total of $31,500;

   e. Awarding Plaintiff punitive damages due to Defendants negligent and intentional behavior of $5,000;

   f. Enjoining Defendant from further contacting Plaintiff; and

Awarding any other relief as this Honorable Court deems just and appropriate.


Respectfully Submitted

*Crystal A. Anderson*

Crystal Anderson

P.O Box 9691

Columbia, SC, 29290

(803) 673-2801